[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #111, MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF
On January 7, 2002, the plaintiff filed an "Objection To Request for Physical Examination. The moving party objects to a physical examination by Dr. Michael Murphy. Plaintiff asserts that Dr. Murphy "will not conduct an unbiased and independent medical examination".
Section 13-11 of the Practice Book concerns physical examinations. Subsection 13-11 (b) of the Practice Book provides as follows:
 (b) In the case of an action to recover damages for personal injuries, any party adverse to the plaintiff may file and serve in accordance with Sections 10-12
through 10-17 a request that the plaintiff submit to a physical or mental examination at the expense of the requesting party. That request shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made. Any such request shall be complied with by the plaintiff unless, within ten days from the filing of the request, the plaintiff files in writing an objection thereto specifying to which portions of said request objection is made and the reasons for said objection. The objection shall be placed on the short calendar list upon the filing thereof The judicial authority may make such order as is just in connection with the request. No plaintiff shall be compelled to undergo a physical examination by any physician toCT Page 973 whom he or she objects in writing. (emphasis added)
This Court. agrees with the well-reasoned and comprehensive decision of Judge Blue in Privee v. Burns, No. 395074 (Jun. 1, 1999),1999 Ct. Sup. 7650. The Court in Privee came to the conclusion that "The plaintiff has an unconditional statutory right to object to `any physician'." Id. at 7675.
In light of the foregoing, the plaintiff's objection to the physical examination is sustained.
So ordered.
Richard A. Robinson, J January 22, 2002